UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-10148-RWZ


ESTATE OF MARY ELLEN JOHNSON, Deceased,
and PAULA J. MROZ, Executrix

v.

UNITED STATES OF AMERICA


MEMORANDUM OF DECISION

December 27, 2012

ZOBEL, D.J.

The parties have agreed on all aspects of a final judgment except for whether

each party should bear its own attorneys' fees and costs. The United States argues that

because the parties have reached a settlement, neither party can qualify as a

"prevailing party" entitled to recover fees and costs under 26 U.S.C. § 7430. But that

statute does not explicitly limit the term "prevailing party" to exclude parties that settle,

and the United States cites no authority supporting its interpretation. By contrast, past

decisions have accepted that a party could "prevail" by settlement for purposes of

§ 7430.  See Estate of Johnson v. Commissioner, 985 F.2d 1315, 1317-18 (5th Cir.

1993); Estate of Hubberd v. Commissioner, 99 T.C. 335, 337 (1992); cf. Buckhannon

Bd. & Care Home v. W. Va. Dept. of Health & Human Res., 532 U.S. 598 (2001)

("[S]ettlement agreements enforced through a consent decree may serve as the basis

for an award of attorney's fees."). The court cannot conclude as a matter of law, on the

present scanty briefing, that neither party qualifies as a "prevailing party" under § 7430.

The United States' motion for entry of final judgment (Docket # 18) is therefore DENIED. The parties shall submit a proposed final judgment upon which they agree.


_____December 27, 2012_____                    _____/s/Rya W. Zobel_____
DATE                                                            RYA W. ZOBEL
                                                       UNITED STATES DISTRICT JUDGE