UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-10148-RWZ


ESTATE OF MARY ELLEN JOHNSON, Deceased,
and PAULA J. MROZ, Executrix

v.

UNITED STATES OF AMERICA


ORDER

October 18, 2013


ZOBEL, D.J.

 Plaintiff Estate of Mary Ellen Johnson, by and through its Executrix Paula J.

Mroz, sued defendant the United States of America, for refund of federal estate taxes.

See 26 U.S.C. § 7422.  Pursuant to a Stipulation and Agreed Order (Docket # 13),

plaintiff admitted that defendant properly included in her taxable estate several

transfers of assets Johnson made before her death.  Defendant conceded that it had

undervalued the credit for taxation of prior transfers ("TPT credit") it had given plaintiff,

see id. § 2013, and that plaintiff was entitled to deduct administrative fees and

expenses.  See id. § 2053.  The parties agreed that prior to entry of final judgment,

plaintiff could move for an award of attorneys' fees and costs incurred in its pursuit of

the refund.  Docket # 23; 26 U.S.C. § 7430.  Its motion is presently before me.

 Plaintiff may only recover attorneys' fees and costs if it "substantially prevailed"

with respect to either the amount in controversy or the most significant issue or set of issues presented in the action. 26 U.S.C. § 7430(c)(4)(A)(i)(I)-(II).  Plaintiff argues it has substantially prevailed on the most significant set of issues because it won two of the three disputed issues in the case.  Yet plaintiff conceded that the disputed assets are Estate property, the main issue in the case.  The two issues plaintiff claims to have won, the TPT credit and administrative costs, simply derive automatically from the inclusion of the disputed assets in the Estate.  Plaintiff cannot demonstrate that the government's concession on these two peripheral issues permits recovery.  See In re Testimony of Arthur Andersen & Co., 832 F.2d 1057, 1060 (8th Cir. 1987) (concluding success on a minor issue does not overcome another party's success on the main issue); Huckaby v. United States Dep't of Treasury, 804 F.2d 297, 299-300 (5th Cir. 1986) (stating number of claims won is not determinative of prevailing party status).

As for the amount in controversy, the parties agree that plaintiff is entitled to a refund of $244,021.48, approximately fifty-one percent of the total deficiency of $482,435.19.  Docket ## 18, at ¶ 4(a); 25, at 9 n.2.   The law does not clearly define what threshold a plaintiff must meet to substantially prevail on the amount in controversy.  Compare Keeter v. United States, 82 A.F.T.R. 2d 98-5943 (E.D. Cal. 1998) (recovery of approximately fifty-five percent of deficiency deemed sufficient), with Estate of Holmes ex rel. Flood v. United States, No. 89-2581, 1990 WL 10062, at *4 (E.D. Pa. Feb. 9, 1990) (recovery of approximately fifty-four percent deemed insufficient); see also Cox v. Commissioner, T.C.M. 1996-103, at *4 (T.C. 1996) (fifty percent recovery makes it "questionable" whether plaintiff substantially prevailed on

amount in controversy), aff'd, 121 F.3d 390 (8th Cir. 1997).

I need not decide this matter, however, because even if plaintiff substantially prevailed on the amount in controversy, it still would not be entitled to attorneys' fees and costs because defendant's position in the litigation was substantially justified.  See 26 U.S.C. § 7430(c)(4)(B)(i) (a party is not prevailing if the government's position in the proceeding was substantially justified); Jean v. United States, 396 F.3d 449, 455 (1st Cir. 2005) (the government's position is substantially justified "'if it has a reasonable basis in both law and fact, a determination made on a case by case basis'" (quoting United States v. Bisbee, 245 F.3d 1001, 1007 (8th Cir. 2001))).  Defendant's position that the transferred assets were Estate property was reasonable in law and fact because plaintiff conceded the matter and agreed to settle the case.  Plaintiff cannot demonstrate that a position which ultimately proved correct is not "justified to a degree that could not satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in the Equal Access to Justice Act).  The position of the United States was substantially justified.

For this reason, and in exercising my discretion, see Jean, 396 F.3d at 453 (denial of attorneys' fees under 26 U.S.C. § 7340 reviewed for abuse of discretion), plaintiff's motion for attorneys' fees and costs (Docket # 24) is DENIED.  Unless either party objects within five days after the entry of this order, the court will enter the proposed Final Judgment, Docket # 18-1, previously submitted.

|     October 18, 2013     |     /s/Rya W. Zobel     |

DATE                                    RYA W. ZOBEL
                                UNITED STATES DISTRICT JUDGE